United States Bankruptcy Court
District of Colorado

In re:  
Horse Creek Weld LLC  
    Debtor

Case No. 09-34256-TBM  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 1082-1      User: admin      Page 1 of 2  
Date Rcvd: Aug 30, 2022      Form ID: pdf904      Total Noticed: 5

The following symbols are used throughout this certificate:  
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 01, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Horse Creek Weld LLC, 4025 St. Cloud Drive, Ste 210, Loveland, CO 80538-9311 |
| aty | + | Leo M. Weiss, Byron G. Rogers Federal Building, 1961 Stout St., Ste. 12-200, Denver, CO 80294-6004 |
| acc | + | David E. Dennis, 8400 E. Crescent Parkway, Suite 600, Greenwood Village, CO 80111-2842 |
| cr | + | Horse Creek Farms Lender, LLC, c/o Karen J. Radakovich, Esq., Frascona, Joiner, Goodman and Greenstein, 4750 Table Mesa Drive, Boulder, CO 80305-5500 |
| intp | + | Phillip R. Trujillo, 317 Rock Bridge Dr, Windsor, CO 80550-6154 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2022      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Benjamin R. Skeen | on behalf of Attorney Skeen and Skeen P.C. brskeen@skeen-skeen.com |
| Daniel A. Hepner | on behalf of Accountant David E. Dennis d.hepner@dah-law.com dhepner@ecf.axosfs.com |
| Daniel A. Hepner | on behalf of Trustee Daniel A. Hepner dhepner@epitrustee.com dhepner@ecf.axosfs.com |
| Daniel A. Hepner | on behalf of Accountant SL Biggs d.hepner@dah-law.com dhepner@ecf.axosfs.com |

| District/off: 1082-1 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Aug 30, 2022 | Form ID: pdf904 | Total Noticed: 5 |

Daniel A. Hepner
    d.hepner@dah-law.com  dhepner@ecf.axosfs.com

Karen J. Radakovich
    on behalf of Creditor Horse Creek Farms Lender  LLC karen@frascona.com, pacer@frascona.com

Matthew D. Skeen
    on behalf of Trustee Daniel A. Hepner mdskeen@skeen-skeen.com

Nicholas H. Ores
    on behalf of Debtor Horse Creek Weld LLC nick@oreslaw.com

US Trustee, 11
    USTPRegion19.DV.ECF@usdoj.gov

TOTAL: 9

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

HORSE CREEK WELD, LLC,
EIN: 20-3987085,

Debtor.

Bankruptcy Case No. 09-34256 TBM
Chapter 7

_____

**ORDER DENYING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS**
_____

This matter comes before the Court on the "Application for Payment of Unclaimed Funds" along with the "Supplemental Documentation" (Docket Nos. 244, 245, 248, and 249, together, the "Second Application") filed by Phillip Richard Trujillo ("Trujillo") through "Unclaimed Funds Locator" Enrique C. Lopez ("Lopez"). In the Second Application, Trujillo and Lopez request that the Court authorize payment of certain unclaimed funds to Trujillo.

The Debtor, Horse Creek Weld, LLC (the "Debtor"), filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 13, 2009. (Docket No. 2.) A few months later, the Court converted the bankruptcy case to a liquidation under Chapter 7 of the Bankruptcy Code at the request of the Debtor. (Docket Nos. 27 and 28.) Thereafter, Daniel A. Hepner was appointed as the Chapter 7 Trustee for the estate of the Debtor (the "Chapter 7 Trustee"). Over the next decade, the Chapter 7 Trustee administered the Debtor's bankruptcy case.

On December 1, 2020, the Chapter 7 Trustee filed the "Trustee's Final Report." (Docket No. 230, the "Final Report".) The Final Report proposed to pay all Chapter 7 fees, administrative expense claims, and all allowed secured and unsecured claims in full. After making such payments, the Chapter 7 Trustee projected a remaining balance as a surplus to be distributed to the Debtor. No party in interest objected to the Final Report. Subsequently, the Court approved certain Chapter 7 Trustee fees and expenses. (Docket No. 235.) Thereafter, the Chapter 7 Trustee completed making distributions consistent with the Final Report. A surplus of $54,341.63 remained to be paid to the Debtor under 11 U.S.C. § 726(a)(6).

Because the Debtor is a defunct and delinquent Delaware limited liability company (Docket No. 245 at 5), the Chapter 7 Trustee deposited the remaining surplus owed to the Debtor ($54,341.63) into the Court's Registry (the "Unclaimed Funds"). (Docket No. 237.) Shortly thereafter, the Chapter 7 Trustee filed his "Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and

Application to Be Discharged." (Docket No. 242, the "Final Account.") The Court accepted the Final Account and closed the bankruptcy case. (Docket No. 243.)

Since the Chapter 7 Trustee deposited the Unclaimed Funds into the Court's Registry, Trujillo has been engaged in a campaign to capture the Unclaimed Funds for himself even though he is not the Debtor. On June 7, 2021, Trujillo filed an "Application for Payment of Unclaimed Funds" along with certain "Supplemental Documentation." (Docket Nos. 238 and 239, together, the "First Application.") In the First Application, Trujillo (acting on his own) falsely asserted that he was the Debtor and demanded the Unclaimed Funds for himself. The Court denied the First Application. (Docket No. 240, the "Order Denying First Application.") In the Order Denying First Application, the Court ruled:

> The Court must deny the Application because Trujillo has not presented "full proof" that he is "entitled to" the Unclaimed Funds. In the Application, Trujillo asserted that he is the "Debtor." But that statement is demonstrably false. So, Trujillo most assuredly is not the Debtor and is not personally entitled to any surplus available to Horse Creek Weld, LLC.
>
> Other than wrongfully claiming to be the Debtor, Trujillo has not otherwise proved his entitlement to the Unclaimed Funds. For example, Trujillo asserts that he is "the Claimant and is the Owner of Record entitled to the [U]nclaimed [F]unds." But, that assertion also is false. As demonstrated by the Claims Register in this bankruptcy case, Trujillo is not a creditor. He did not file a proof of claim and no proof of claim has been allowed for him. He also is not the "Owner of Record" of the Unclaimed Funds. Instead, the Debtor, Horse Creek Weld, LLC, appears to be.
>
> With respect to Horse Creek Weld, LLC, according to the "Supplemental Document" submitted by Trujillo, Horse Creek Weld, LLC is "delinquent" and has been for more than a decade (since June 1, 2011). Trujillo provided a "Statement of Foreign Entity Authority" showing only that he was the "Registered Agent" for Horse Creek Weld, LLC about 16 years ago. Trujillo also submitted a one-sentence Affidavit averring that "I am the President and authorized signor for Horse Creek Weld LLC." None of the foregoing comes even close to establishing that Trujillo is personally entitled to have the Unclaimed Funds paid to him as the claimant. Trujillo has failed to establish the legal status of Horse Creek Weld, LLC in Delaware and whether he is even an equity holder in Horse Creek Weld LLC. It also appears

2

>that Trujillo has not provided notice to the equity holders of Horse Creek Weld, LLC of his attempt to personally obtain the Unclaimed Funds either. Accordingly, the Court:
>
>>FINDS that Trujillo did not prove that he is personally entitled to the Unclaimed Funds; and
>
>>ORDERS that the Application is DENIED.

(Docket No. 240.)

Now, through the Second Application, Trujillo (acting along with Lopez, who purports to be an Unclaimed Funds Locator) is making a second attempt to recover the Unclaimed Funds for himself even though such funds belong to the Debtor, not Trujillo personally. For substantially the same reasons that the First Application failed, the Court also denies the Second Application.

The Unclaimed Funds were paid into the Court's registry pursuant to 28 U.S.C. § 2041. Withdrawal of such Unclaimed Funds is governed by 28 U.S.C. § 2042 which states:

>No money deposited under section 2041 of this title shall be withdrawn except by order of court.
>
>In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

The core substantive requirement of 28 U.S.C. § 2042 is that the claimant provide "full proof" that the claimant is "entitled to any such money."

The Court must deny the Second Application because Trujillo has not presented "full proof" that he is "entitled to" the Unclaimed Funds. Although he purports to be the "Claimant" entitled to the Unclaimed Funds, the Unclaimed Funds are being held for the Debtor (not Trujillo). The Debtor is a defunct and delinquent Delaware Foreign Limited Liability Company. (Docket No. 245 at 4-5.) Trujillo did not file a proof of claim or proof of equity interest in this bankruptcy case. But, through his "Declaration from Claimant" (Docket No. 245, the "Trujillo Declaration"), Trujillo asserts that, among other things: (a) he has "sole ownership as President/COB for Horse Creek Weld LLC"; and (b) "other

3

than I, no other person, persons or entity may claim rightful ownership of these funds." These statements are unsupported by any documentary record establishing that Trujillo has any equity in the Debtor whatsoever and are demonstrably false. For example, even though Trujillo claims to be the "sole owner" and equity holder in the Debtor, numerous purported creditors of the Debtor have filed proofs of claim along with Certificates, Subscriber Agreements, and/or Schedule K-1s showing their membership interests in the Debtor. See Claim No. 1-1 at 11-15; Claim No. 9-1 at 3-4, Claim No. 12-1 at 11; Claim No. 13-1 at 4; Claim No. 14-1 at 4; Claim No. 15-1 at 4-8; Claim No. 16-1 at 15; Claim No. 18-1 at 3-4; Claim No. 19-1 at 3-4; Claim No. 20-1 at 5; Claim No. 21-1 at 5; Claim No. 22-1 at 3-5.

Although the discrepancy between the Trujillo Declaration and the various proofs of claim concerning the ownership of the Debtor might ordinarily warrant an evidentiary hearing to adjudicate the matter, no evidentiary hearing is necessary because the Court already has issued final Orders determining that at least 17 alleged creditors of the Debtor have equity interests in the Debtor as follows:

- Order Reclassifying Claim No. 9 Filed by Lowell Alderfer and Betsy Alderfer (Docket No. 100)
- Order Reclassifying Claim No. 22 Filed by Mary Lynn Wright (Docket No. 101)
- Order Reclassifying Claim No. 2 Filed by National Heritage Foundation (Docket No. 146)
- Order Reclassifying Claim No. 4 Filed by Walter Brown as Equity Interest (Docket No. 147)
- Order Reclassifying Claim No. 5 Filed by Taft Family CRUT (Docket No. 152)
- Order Reclassifying Claim No. 7 Filed by Richard K. Taft Revocable Trust (Docket No. 153)
- Order Reclassifying Claim No. 12 Filed by Franklyn W. Roitsch as an Equity Interest (Docket No. 166)
- Order Reclassifying Claim No. 13 Filed by Donna L. Webster as an Equity Interest (Docket No. 167)
- Order Reclassifying Claim No. 14 Filed by L. James Webster as an Equity Interest (Docket No. 168)
- Order Reclassifying Claim No. 16 Filed by Theron, LLC as an Equity Interest (Docket No. 169)
- Order Reclassifying Claim No. 17 Filed by James Clemmer as an Equity Interest (Docket No. 170)
- Order Reclassifying Claim No. 18 Filed by Lori Gehrman as an Equity Interest (Docket No. 171)
- Order Reclassifying Claim No. 19 Filed by Mark Gehrman as an Equity Interest (Docket No. 172)
- Order Reclassifying Claim No. 20 Filed by Daniel W. Omdal as an Equity Interest (Docket No. 173)

- Order Reclassifying Claim No. 21 Filed by Jay and Elberta Holeman as an Equity Interest (Docket No. 174)
- Order Reclassifying Claim No. 15 Filed by Warren W. Smith as an Equity Interest (Docket No. 190)
- Order Deeming Claim No. 10 Filed by Kent Winchell as Amending Claim No. 1 and Reclassifying Claim No. 10 as an Equity Interest (Docket No. 191)

All the foregoing Orders issued by this Court expressly determined that such parties have "an equity interest" in the Debtor in certain dollar amounts. None of the Orders have been appealed. Notably, the Court never identified Trujillo as owning any equity in the Debtor since Trujillo never filed a proof of claim or proof of equity interest in the bankruptcy case.

In the Second Application, Trujillo never explains why he is entitled personally to all of the Unclaimed Funds while the actual equity holders in the Debtor (as determined by valid Court Orders are not). Indeed, Trujillo has apparently filed the Second Application with no notice whatsoever to the equity holders in the Debtor. Accordingly, the Court:

FINDS that Trujillo did not prove that he is personally entitled to the Unclaimed Funds; and

ORDERS that the Second Application is DENIED;

FURTHER ORDERS that Trujillo is barred from filing any further applications for the Unclaimed Funds until and unless Trujillo identifies all equity holders in the Debtor, provides full and proper notice of any application to all equity holders in the Debtor, evidences the propriety of the manner of service used, and produces with the application documentary proof of Trujillo's equity interest, if any, in the Debtor (such as copies of a Certificate of Membership Interests or a Subscription Agreement); and

FURTHER ORDERS that, if Trujillo files a further application for the Unclaimed Funds meeting the foregoing minimum requirements, then the Court will conduct a full evidentiary hearing at which Trujillo (and any Unclaimed Funds Locator) will be required to testify under oath concerning the procedural and factual basis for any such application. The Court will also require Trujillo to present a legal brief (either on a *pro se* basis or through counsel) identifying the legal basis for Trujillo's personal recovery of the Unclaimed Funds owed to the Debtor based upon the facts. The Court

FURTHER notes that entities may not appear in this Court by and through officers of the entity. Instead they must be represented by an attorney. It has long been held that only natural persons, individually or doing business as a sole proprietorship, may appear in proceedings before this Court without an attorney to represent them. *See Flora Construction Co. v. Fireman's Fund,* 307 F.2d 413, 414 (10th Cir.1962), *cert. denied*, 371 U.S. 950 (1963) (corporate entities cannot appear *pro se* by and through

5

officers or employees of the corporation); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). Furthermore, the Local Rules of this Court, at L.B.R. 9010-1(e), provide:

> No corporation, partnership, other unincorporated organization, or entity may file a petition under Title 11 of the United States Code, or otherwise appear in cases or proceedings before this Court, unless it is represented by an attorney authorized to practice in this court. Where a corporate debtor is involved, the attorney representing such an entity must sign the petition and pleadings.

L.B.R. 9010-1(e). So, if the Debtor is attempting to participate in this case, the Debtor must be represented by legal counsel.

DATED this 30th day of August 2021.

BY THE COURT:

_Thomas B. McNamara_
Thomas B. McNamara,
United States Bankruptcy Judge

6